UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:16-CV-00160-GNS-LLK

CHOOMEKIA DUNBAR                                                                                          PLAINTIFF

v.

WAL-MART STORES EAST, LIMITED PARTNERSHIP                                         DEFENDANT

**OPINION AND ORDER**

District Judge Greg N. Stivers referred this matter to Magistrate Judge Lanny King for resolution of all litigation planning issues, entry of scheduling orders, and consideration of amendments thereto, resolution of all non-dispositive matters, including discovery issues, and to conduct a settlement conference. (Docket # 4).

The matter is before the Court on the parties' proposed protective order. (Docket # 14).

The Court DECLINES to sign and enter the proposed order because Paragraph 6, which allows a party to file a document under seal by merely designating it as "Protected," is contrary to recently-enacted Local Rule 5.7(c) and Sixth Circuit direction on the requirements for filing a document under seal.

Joint General Order No.16-01 amended several Local Rules, including adding Local Rule 5.7(c), which addresses filing documents under seal:

> (c) **Specific Authority or Motion Required; Protective Orders.** Absent a federal statute or federal rule of procedure, local rule, or standing order of this court, a party seeking to file a sealed document must electronically file a motion for leave to seal. The motion must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure. Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof, warrants filing under seal.

LR 5.7(c).

1

The Sixth Circuit recently addressed the requirements that must be met by both the proponents of an order to seal and the court ruling on that motion in *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, No. 15-1544, 2016 WL 3163073, at 3 (6th Cir. June 7, 2016). The *Shane* Court clarified the standard for sealing documents the parties have chosen to make part of the judicial record by filing is "vastly more demanding" than the standard for protective orders for documents the parties exchange with each other during discovery. *Id*. at 4-5. That the documents are covered by a "mere protective order" or have been designated as confidential by a party is not sufficient reason to seal them from the public after the parties placed the documents in the judicial record. *Id*. at 5. Once parties place documents in the judicial record, they have crossed a line between the discovery stage and the adjudicative stage. *Id*. at 3.

In *Shane*, the Sixth Circuit also stated that at the adjudicative stage "the public has a strong interest" in access to assess a court's decisions and the information on which the court relied in making that decision. *Id*. This creates a "strong presumption in favor of openness." *Id*. "Only the most compelling of reasons can justify" sealing documents and the seal must be narrowly tailored to serve that reason." *Id*. The party seeking to seal documents must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. The court must explain the basis for sealing each document and must articulate "specific findings and conclusions" as to why the interest in sealing it is compelling, the interest in public access less so, and why the seal is as narrow as possible. *Id*. at 4.

In this case, the Parties proposed blanket language for both a protective order and an order to seal in the same Proposed Order. The Parties perfunctorily stated in paragraph 6 that any Party could designate documents as protected and would be able and required to file those documents only under seal and not only limits the designated documents in discovery, but also

2

limits their use at trial via paragraph 5. This is insufficient. The Parties have not identified the documents, provided analysis to explain why sealing is required, nor shown how this interest is more compelling than the public's interest in access. The Parties have not explained how this provision is narrowly tailored to satisfy this interest. The Court, therefore, has no information with which it can make the specific findings and conclusions required to seal.

The Court will consider a proposed protective order that requires the party to move to seal documents designated under the order, but will not pre-authorize the sealing of yet to be identified documents.

IT IS HEREBY ORDERED that the parties have leave to file a revised agreed protective order, consistent with this Opinion and Order, within 30 days of the entry of this Opinion and Order.

c:	Counsel